FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CHRISTOPHER BREARLEY,

    Plaintiff,

CASE NO.:

-VS-

JPMORGAN CHASE BANK, N.A.,

5:14-CV-625-OC-34PRL

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.     The alleged violations described in the Complaint occurred in Lake County, Florida.

## FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Clermont, Lake County, Florida

5.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.     Plaintiff is an "alleged debtor."

7.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8. Defendant is a corporation which was formed in Delaware with its principal place of business at 270 Park Avenue, New York, NY 10017.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (863) 258-5484, and was the called party and recipient of Defendant's above described calls.

11. On or about October of 2011, Defendant initiated its campaign of text messages to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the texts, Plaintiff's caller ID identified that they were being initiated from, but not limited to, the following short code: 24273.

12. On information and belief, and based on the repetitious nature of the messages, the text messages from Defendant were placed using automated telephone dialing equipment, without human intervention. (Please see attached **Exhibit "A"** representing non-exclusive images of text messages received from October of 2011 through the filing of this Complaint).

13. Each of the text messages at issue initiated by the Defendant included the four digits of a delinquent account on which they were attempting to collect, and provided no way or instruction for the Plaintiff to speak to an individual and/or be removed from the messaging list.

14. In or about January of 2011, Plaintiff used the Defendant's website to find a contact number for the Defendant, and was connected to their customer relations department, at which time he informed an agent/representative of Defendant that they had the wrong number, and that he does not know the individual for whom they were texting. The agent/representative of Defendant apologized to Plaintiff for the texts, informing Plaintiff that they would remove Plaintiff's aforementioned cellular telephone number from their system.

15. Despite informing Defendant that they had the wrong number, Plaintiff continued to receive text messages from Defendant daily from approximately January of 2011 through approximately April of 2011, at which time Plaintiff again contacted the Defendant via telephone in an attempt to stop the text messages. Plaintiff was again advised by an agent/representative that the messages would stop.

16. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

17. On at least 8 occasions from January of 2011 to June of 2014, Plaintiff contacted Defendant via telephone, was connected to a live agent/representative, informed them that they had the wrong number, he was not the individual for whom they were text messaging, and to stop text messaging him.

18. Each of the Plaintiff's conversations with the Defendant were ignored.

19. On or about June 24, 2014, Plaintiff entered a Clermont, Florida branch of Chase Bank, and informed an agent of Defendant that he had erroneously been receiving text messages from the Defendant since 2011, had asked to be removed from the Defendant's text messaging list on numerous occasions to no avail, and that he wanted the text messages to stop.

20. At that time, on or about June 24, 2014, an agent of Defendant took Plaintiff's cellular telephone and manually removed Plaintiff from the automatic text messaging list, apologized to Plaintiff for the inconvenience, and offered Plaintiff $50.00 compensation for his troubles.

21. To date, Defendant has sent approximately two-hundred (200) text messages to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records. (Please see attached **Exhibit "B"** representing a non-exclusive log of text messages received from October March 25, 2014 through June 24 2014).

22. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

23. By continuing to text message the Plaintiff despite being informed he did not know the individual for whom they were text messaging, Plaintiff was led to believe the Defendant thought he was lying and the only way to stop the harassing text messages was to pay the alleged debt.

24. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

25. Each text message that Defendant sent to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

27. Defendant's corporate policy is structured as to continue to text message individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to message/call the wrong party.

30. Defendant has had numerous complaints from consumers against them across the country asking not to be messaged/called, however the Defendant continues to message and call.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the messaged/called parties do not owe the alleged debt.

32. Plaintiff did not expressly consent to Defendant's placement of text messages to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the messages.

33. Each text the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

34. Furthermore, none of Defendant's text messages placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. Defendant violated the TCPA with respect to the Plaintiff.

36. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

38. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

39. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or

prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

41. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

43. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

45. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amanda J. Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff

+18632585484


(1/2)
Chase acct 0474 bal $49.87 as of 11/18/2013 08:34:40 PM EST was below your $50.00 limit.
10:34 AM


(2/2)
To trnsfr, reply A or B, space, amt: e.g. A 250
A=sav1-1289: $5.13
B=chk3-0050: $458.29
10:35 AM


Chase acct 0474: Your $1,010.08 debit card transaction with WELLS FARGO C/A #066 on 11/15/2013 12:33:12 ET was more than the $125.00 in your Alerts

Enter message



EXHIBIT A.

 Chase acct 0474: Your $586.31 debit card transaction with WESTERN UNION AUTO on 03/19/2014 08:18:31 ET was more than the $125.00 in your Alerts settings.
10:32 AM

 Chase acct chk1-0474 bal $20.57 as of 11/19/2013 06:42:16 AM EST was below the $50.00 amount in your Alerts settings.
10:33 AM

 (1/2) Chase acct 0474 bal $49.87 as of 11/18/2013 08:34:40 PM EST was



 +18632585484

> space, amt: e.g. A 250
> A=sav1-1289: $5.13
> B=chk3-0050: $458.29
> 10:35 AM


> Chase acct 0474: Your $1,010.08 debit card transaction with WELLS FARGO C/A #066 on 11/15/2013 12:33:12 ET was more than the $125.00 in your Alerts settings.
> 10:36 AM


> Hello MATHEW DID YOU RECIEVE THE TEXTS
> 10:42 AM

> Did you recieve texts
> 1:26 PM

 Enter message 



+18632585484



Chase acct 0474: Your $170.69 debit card transaction with SPRINT *WIRELESS on 03/25/2014 03:53:35 ET was more than the $125.00 in your Alerts settings.

10:31 AM



Chase acct 0474: Your $323.80 external trnsfr to GROW FINANCIAL ACH on 03/25/2014 02:20:00 ET was more than the $125.00 in your Alerts settings.

10:31 AM



Chase acct 0474: Your $586.31 debit card

 Enter message 

+18632585484

**Chase acct 0474:** Your $177.00 debit card transaction with SQ *ELIUD SANCHEZ on 04/15/2014 04:24:13 ET was more than the $125.00 in your Alerts settings.

10:30 AM

**Chase acct 0474:** The $135.02 pmt made to DUKE ENERGY FLORIDA on 03/27/2014 07:09:06 ET was more than the $125.00 limit in your Alerts settings.

10:30 AM

**Chase acct 0474:** Your $170.69 debit card transaction with SPRINT



< +18632585484



(1/2)
Chase acct 0474 was overdrawn by $218.19 on 04/27/2014 03:55:49 PM EDT.

10:26 AM



(2/2)
To trnsfr, reply A1 or B1, space, amt: e.g. A1 250
A1=sav1-1289: $1,597.23
B1=chk3-0050: $602.85

10:26 AM



(1/2)
Chase acct 0474 bal $-3.91 as of 04/26/2014 06:16:09 AM EDT was below your $50.00 limit.

10:27 AM

 (1/2)

Enter message 





**(2/2)**
To trnsfr, reply A1 or B1, space, amt: e.g. A1 250
A1=sav1-1289: $1,382.95
B1=chk3-0050: $382.90

10:23 AM



**(2/2)**
To trnsfr, reply A or B, space, amt: e.g. A 250
A=sav1-1289: $1,382.95
B=chk3-0050: $382.90

10:24 AM



**(1/2)**
Chase acct 0474 bal $-218.19 as of 04/27/2014 03:55:49 PM EDT was below your $50.00 limit.

10:25 AM

 |Enter message 






**(1/2)**
Chase acct 0474 was overdrawn by $3.91 on 04/26/2014 06:16:09 AM EDT.

10:28 AM



**(2/2)**
To trnsfr, reply A or B, space, amt: e.g. A 250
A=sav1-1289: $1,597.23
B=chk3-0050: $602.85

10:28 AM



Chase acct 0474: Your $323.80 external trnsfr to GROW FINANCIAL   ACH on 04/22/2014 02:10:32 ET was more than the $125.00 in your Alerts settings.

 Enter message 



+18632585484

09/09/2014 Tue



You will no longer receive messages from Chase at this #.
This includes Mobile Banking, Alerts & Chase QuickPay.
Re-enroll @ chase.com/alerts

10:21 AM



Chase acct 0474: Your $147.27 debit card transaction with WAL-MART #5250     on 06/15/2014 11:30:51 ET was more than the $125.00 in your Alerts settings.

10:23 AM

 Enter message 

# Text Message Log for (863) 258-5484

|     | Date       | Time     | Originating # |
|-----|------------|----------|---------------|
| 1.  | 03/25/2014 | 11:18 am | 24273 |
| 2.  | 03/25/2014 | 03:53 pm | 24273 |
| 3.  | 03/27/2014 | 07:09 am | 24273 |
| 4.  | 04/22/2014 | 00:10 am | 24273 |
| 5.  | 04/26/2014 | 02:32 pm | 24273 |
| 6.  | 04/26/2014 | 02:32 pm | 24273 |
| 7.  | 04/26/2014 | 02:32 pm | 24273 |
| 8.  | 04/26/2014 | 02:32 pm | 24273 |
| 9.  | 04/27/2014 | 03:55 pm | 24273 |
| 10. | 04/27/2014 | 03:55 pm | 24273 |
| 11. | 04/27/2014 | 03:55 pm | 24273 |
| 12. | 04/27/2014 | 03:55 pm | 24273 |
| 13. | 06/15/2014 | 11:30 am | 24273 |
| 14. | 06/24/2014 | 03:30 pm | 24273 |
| 15. | 06/24/2014 | 03:30 pm | 24273 |



EXHIBIT B.